UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
PLACIDO ESCOTO,

                    **Plaintiff,**

      -against-

ALLERTON REALTY GROUP LLC, KAMRAN
ABRISHAMIAN, as a Managing Member and Head
Officer of Allerton Realty Group LLC, and BEN
DASH, as a Managing Member of Allerton Realty
Group LLC,

                    **Defendants.**
-------------------------------------------------------------------X

**Case No.  22 Civ. 8722**

**COMPLAINT**

**Plaintiff Demands a Jury Trial**

      Plaintiff Placido Escoto ("Plaintiff"), by and through his undersigned attorneys,

The Law Offices of Fausto E. Zapata, Jr., P.C., hereby files this Action against

Defendants Allerton Realty Group LLC, Kamran Abrishamian, and Ben Dash

(hereinafter referred to as "Defendants") and alleges, upon personal knowledge as to

himself, and upon information and belief as to other matters, as follows:

<u>**NATURE OF ACTION**</u>

1.     Plaintiff brings this action to recover unpaid minimum and overtime wages under

the Fair Labor Standards Act, New York Labor Law, and related wage claims.

2.     Defendants are landlords of a 20-unit residential and commercial building, located

at 35-07 Laconia Avenue, Bronx, New York 10469.

3.     Plaintiff, therefore, brings this action pursuant to section 16(b) of the Fair Labor

Standards Act of 1938, as amended (29 U.S.C. § 216(b)), and alleges that Plaintiff is

entitled to: (i) wages from Defendants because Plaintiff was paid below the statutory

minimum wage, as required by the Fair Labor Standards Act §§ 29 U.S.C. 201 et seq. ("FLSA") and United States Department of Labor, Wage and Hour Division's Regulations Relating to Labor, Title 29, Subtitle B, Chapter V et seq. ("Federal Wage Regulations"); (ii) overtime wages from Defendants for overtime work for which Plaintiff did not receive overtime premium pay, as required under the FLSA and Federal Wage Regulations; and, (iii) attorneys' fees and costs, interest and liquidated damages pursuant to the FLSA and its Federal Wage Regulations.

1.      Plaintiff also brings New York State based claims alleging that Plaintiff is entitled to: (i) wages from Defendants because Plaintiff was paid below the statutory minimum wage as provided by New York State's Minimum Wage Act, New York State Labor Law §§ 190 et seq. and §§ 650 et seq. ("NYLL"), and New York State Department of Labor's Minimum Wage Order for the Building Service Industry, Part 141 of Title 12 of the Official Compilation of Codes, Rules and Regulations of The State of New York, 12 N.Y.C.R.R. Part 141 ("Wage Order"); (ii) overtime wages from Defendants for overtime work for which Plaintiff did not receive overtime premium pay, as required by NYLL and the Wage Order; (iii) damages associated with Defendants' failure to pay Plaintiff's his wages on a weekly basis, in violation of NYLL § 191(1)(a); (iv) damages associated with Defendants' failure to provide Plaintiff with statements when Plaintiff was paid wages that were compliant with N.Y. Labor Law § 195(3) and 12 N.Y.C.R.R. § 141-2.2; (v) damages associated with Defendants' failure to provide Plaintiff with statutorily mandated written disclosures and notices concerning his wages when Plaintiff was hired, in violation of NYLL §§ 195(1)(a) and 195(2); and, (vi) liquidated, compensatory, and punitive damages, attorney's fees and costs, pre-judgment and post-judgment interest.

## JURISDICTION AND VENUE

2.      Jurisdiction of this action is conferred on this court by section 16(b) of the FLSA (29 U.S.C. § 216(b)), and by the provisions of 28 U.S.C. § 1337, relating to any civil action or proceeding arising under any Act of Congress regulating commerce.

3.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 relating to any civil action or proceeding arising under the laws of the United States.

4.      This Court has supplemental jurisdiction over Plaintiff's state claims pursuant to 28 U.S.C. § 1367.

5.      This Court is empowered to issue a declaratory judgment and further necessary or proper relief based on a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

6.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1) and 28 U.S.C. § 1391(d) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred within this jurisdiction.

## PARTIES

7.      Plaintiff is an adult male who, at all relevant times, resided in Bronx County.

8.      At all relevant times, Plaintiff was a "manual worker" within the meaning of NYLL § 191(1)(a).

9.      Plaintiff's consent in writing to be a party of this action pursuant to 29 U.S.C. § 216(b) is attached to this complaint and incorporated by reference.

10.     At all relevant times, Defendant Allerton Realty Group LLC was and is domestic limited liability company duly organized under, and existing by virtue of, the laws of the State of New York.

11.     At all relevant times, Defendants Allerton Realty Group LLC has maintained a business address at 106-16 Jamaica Avenue, Richmond Hill, New York 11418.

12.     Upon information and belief, Kamran Abrishamian is a member of Allerton Realty Group LLC.

13.     Upon information and belief, Kamran Abrishamian uses the name, "Danny", when conducting business on behalf of Allerton Realty Group LLC.

14.     Upon information and belief, Ben Dash is a member of Allerton Realty Group LLC.

15.     Upon information and belief, Kamran Abrishamian and Ben Dash are the managing members of Allerton Realty Group LLC.

16.     Defendants own a residential and commercial building located at 35-07 Laconia Avenue, Bronx, New York (hereinafter referred to as "Building").

17.     The Building has at least 18 residential apartment units in addition to two commercial units.

18.     At all relevant times, Defendants exercised operational control over its employees, staffing needs, and maintenance of its facilities, including the Building.

19.     Defendants, jointly, had the power to determine Plaintiff's rate of pay in connection with Plaintiff's employment with Defendants.

20.     Defendants, jointly, controlled Plaintiff's work schedule, in connection with his employment with Defendants.

21.     Defendants, jointly, controlled Plaintiff's conditions of employment, in connection with his employment with Defendants.

22.     Defendants had the power to hire and fire the Building's employees, including Plaintiff.

23.     Defendants supervised and controlled Plaintiff's work performance.

24.     At all relevant times, Plaintiff was an "employee" of Defendants, as defined by NYLL § 2(5).

25.     At all relevant times, Plaintiff was an "manual worker" of Defendants, as defined by NYLL § 190(4).

26.     At all relevant times, Plaintiff was an "employee" of Defendants, as defined by NYLL § 651(5).

27.     At all relevant times, Plaintiff was "employed" by Defendants, as defined by NYLL § 2(7).

28.     At all relevant times, Defendants were Plaintiff's "employer," as defined by NYLL § 190(3).

29.     At all relevant times, Defendants were Plaintiff's "employer," as defined by NYLL § 2(6).

30.     At all relevant times, Defendants were Plaintiff's "employer," as defined by NYLL § 651(6).

31.     At all relevant times herein, Plaintiff was an "employee" of Defendants within the meaning of 29 U.S.C. § 203(e).

32.     At all relevant times herein, Defendants were, individually and collectively, Plaintiff's "employer" within the meaning of 29 U.S.C. § 203(d).

33.     At all times relevant herein, Defendant Allerton Realty Group LLC was an "enterprise" within the meaning of 29 U.S.C. § 203(r).

34.     At all relevant times herein, Defendant Allerton Realty Group LLC employed more than two people and has also been an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of 29 U.S.C. § 203(s)(1).

35.     At all relevant times herein, Defendants were each individually a "person" within the meaning of 29 U.S.C. § 203(a).

36.     At all relevant times herein, Plaintiff was an employee engaged or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206 – 207.

37.     Defendants, at all relevant times herein, have been, and continue to be, an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 203, 206(a) and 207(a).

38.     Upon information and belief, at all relevant times herein, Defendant Allerton Realty Group LLC had gross annual revenues in excess of $500,000.00.

39.     At all relevant times, Defendants maintained control, oversight, and direction over Plaintiff, including payroll and other employment practices that applied to him.

40.     Defendants also controlled Plaintiff's terms and conditions of employment, and determined Plaintiff's rate and method of compensation.

41.     Defendants are each a covered employer within the meaning of the FLSA and NYLL, and at all relevant times employed the Plaintiff.

**FACTUAL ALLEGATIONS**

42.     In or around September 8, 2008, Allerton Realty Group LLC purchased the building located at 3507 Laconia Avenue, Bronx, New York 10469.

43.     Plaintiff was already employed as the live-in Resident Janitor at 3507 Laconia Avenue, Bronx, New York 10469 at the time that Defendants purchased it.

44.    After purchasing the Building, Defendants hired Plaintiff to continue working as the live-in Resident Janitor for the Building.

45.    As the Resident Janitor Defendants' Building, Plaintiff's job duties included, but were not limited to, cleaning the sidewalk, alleyway, and, the back of the building; prepare garbage for recycling; mopping the lobby and hallways; changing window screens, and lightbulbs; garbage removal; tending and maintaining common areas; tending and maintaining the sidewalks and grounds of the residential building; responding to tenants' calls and complaints; operating the boiler; addressing any New York City housing-related violations; shoveling snow; raking leaves; giving access various locations within the Building to utility providers; and, locksmith related duties.

46.    At all relevant times, Plaintiff's job duties also included cleaning, sweeping, and mopping the mailbox area within the Building where interstate mail, correspondence, and packages were delivered.

47.    Plaintiff was also responsible for repairing damaged mailboxes, that were used to deliver interstate mail, correspondence, and packages to the Building's tenants.

48.    Plaintiff also safeguarded correspondence, packages, and mail on behalf of tenants of the Building when requested and would personally ensure delivery.

49.    Throughout his employment with Defendants, Defendants Abrishamian and Dash, supervised and directed Plaintiff's efforts, procured supplies for Plaintiff to perform his work duties, and inspected Plaintiff's work product.

50.    As a result of his working relationship with Defendant Abrishamian, Plaintiff was in contact with him on a regular basis.

51.     As a result of his working relationship with Defendant Dash, Plaintiff was in contact with him on a regular basis.

52.     Throughout Plaintiff's employment with Defendants, Plaintiff's worked five and one-half hours per day, seven days per week, normally.

53.     Plaintiff normally worked seven days per week, from 8:30 AM – 12:00 PM and 4:00 PM – 6:00 PM (Plaintiff's "Regular Working Hours").

54.     Plaintiff worked his Regular Working Hours throughout his employment, including in 2016, 2017, 2018, 2019, 2020, 2021, and 2022.

55.     At all relevant times, Plaintiff was required to use his personal cell phone to facilitate his work duties to the extent that tenants and Defendants used to call him on his personal cellular phone in connection with his responsibilities as the Resident Janitor for the Building.

56.     Plaintiff was also required to be available to respond to tenants' emergencies whenever they arose, including overnight and weekends, i.e., outside of his Regular Working Hours.

57.     As a result of the requirement to be always available, Plaintiff routinely worked additional hours outside of his Regular Working Hours each week.

58.     At all relevant times during Plaintiff's employment, Defendants failed to comply with the FLSA's recordkeeping requirements within 29 C.F.R. § 516.2 (2022).

59.     At all relevant times during Plaintiff's employment, Defendants failed to comply with the NYLL recordkeeping requirements within NYLL § 195(4) (2022).

60.     Defendants' actions in failing to track the number of hours that Plaintiff worked was an intentional practice that Defendants engaged in to reduce its labor costs.

61.     At all relevant times, Defendants paid Plaintiff $600 per a month without regard to the actual number of hours that Plaintiff worked.

62.     At all relevant times, Defendants paid Plaintiff one time per month despite Plaintiff's status as a manual worker who should have been paid on a weekly basis.

63.     Defendants also required that Plaintiff use his own funds to pay for supplies and although Defendants reimbursed Plaintiff, Defendants included reimbursed funds in the same checks that Plaintiff received his wages without distinguishing between wages and reimbursements.

64.     For example, Plaintiff's was paid $600.00 on January 13, 2020, $545 on November 30, 2021, and $665 on October 27, 2021.

65.     Despite Plaintiff's requests, Defendants refused to furnish Plaintiff with pay statements explaining the number of hours that Plaintiff was being paid for and deductions applied to his wages, if any.

66.     Throughout his employment with Defendants, Plaintiff advanced the cost of tools and/or supplies to perform his job duties, including plaster, and Defendants failed to reimburse Plaintiff on the following statutory pay-day, in violation of 12 N.Y.C.R.R. § 141-1.9.

67.     Plaintiff stopped working for Defendants in or around October 2022.

**FIRST CLAIM OF RELIEF**
**FAIR LABOR STANDARDS ACT**
**MINIMUM WAGE VIOLATIONS**

68. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

69. The minimum wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq*., and the supporting federal regulations, apply to Defendants and protect Plaintiff.

70. Defendants failed to pay Plaintiff minimum wages for all of the hours he worked.

71. Defendants' unlawful conduct, as described in the Complaint, has been willful and intentional.

72. Defendants were aware or should have been aware that the practices described in the Complaint were unlawful.

73. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff.

74. Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

75. As a result of Defendants' unlawful acts, Plaintiff has been deprived of minimum wage compensation in amounts to be determined at trial and are entitled to recover of such amounts, liquidated damages, prejudgment interest, attorney's fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

**SECOND CLAIM FOR RELIEF**
**NEW YORK STATE LABOR LAW**
**<u>MINIMUM WAGE VIOLATIONS</u>**

76. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

77. The minimum wage provisions of Article 19 of the NYLL and the Wage Order apply to Defendants and protect Plaintiff.

78. Defendants failed to pay Plaintiff statutory minimum wages to which he is entitled under the NYLL and the Wage Order.

79. Through their knowledge or intentional failure to pay Plaintiff minimum wages for hours worked, Defendants have willfully violated the NYLL Article 19 §§ 650 *et seq*., and the supporting Wage Order.

80. Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants their unpaid minimum wages, liquidated damages as provided for by NYLL Article 6, § 198, reasonable attorneys' fees, costs, and prejudgment interest.

**THIRD CLAIM OF RELIEF**
**FAIR LABOR STANDARDS ACT**
<u>**OVERTIME VIOLATIONS**</u>

81. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

82. The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq*., and the supporting Federal Wage Regulations, apply to Defendants and protect Plaintiff.

83. Defendants failed to pay Plaintiff overtime wages for all the hours he worked in excess of 40 hours in a workweek.

84. Defendants' unlawful conduct, as described in the Complaint, has been willful and intentional.

85. Defendants were aware or should have been aware that the practices described in the Complaint were unlawful.

86. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff.

87. Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

88. As a result of Defendants' unlawful acts, Plaintiff have been deprived of overtime

compensation in amounts to be determined at trial and are entitled to recover of such

amounts, liquidated damages, prejudgment interest, attorney's fees, costs, and other

compensation pursuant to 29 U.S.C. § 216(b).

**FOURTH CLAIM FOR RELIEF**
**NEW YORK STATE LABOR LAW**
**OVERTIME VIOLATIONS**

89. Plaintiff re-alleges and incorporates by reference all allegations in all preceding

paragraphs.

90. The overtime wage provisions of Article 19 of the NYLL and the Wage Order apply to

Defendant and protect Plaintiff.

91. Defendants failed to pay Plaintiff overtime wages to which he was entitled under the

NYLL and the Wage Order.

92. Through their knowledge or intentional failure to pay Plaintiff overtime wages for hours

worked in excess of 40 hours per week, Defendants have willfully violated the NYLL

Article 19 §§ 650 *et seq*., and the Wage Order, 12 N.Y.C.R.R. § Part 141.

93. Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover from

Defendants his unpaid overtime wages, liquidated damages as provided for by NYLL

Article 6, § 198, reasonable attorneys' fees, costs, and prejudgment interest.

**FIFTH CLAIM FOR RELIEF**
**NEW YORK STATE LABOR LAW**
**FREQUENCY OF PAYMENT OF WAGES**

94. Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs in

this Amended Verified Complaint.

95. NYLL § 191(a)(i) states that:

> A manual worker shall be paid weekly and not later than
> seven calendar days after the end of the week in which the
> wages are earned.

96. Defendants violated NYLL § 191(a)(i) by failing to pay Plaintiff on a weekly basis throughout the duration of his employment.

97. Due to Defendants' NYLL violations, Plaintiff is entitled to recover from Defendants liquidated damages, prejudgment interest, reasonable attorneys' fees, and costs and disbursements in connection with this claim, pursuant to NYLL §§ 198(1-a).

**SIXTH CLAIM FOR RELIEF**
**NEW YORK STATE LABOR LAW**
**WAGE STATEMENT PROVISION**

98. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

99. The minimum wage provisions of Article 6 of the NYLL and the Wage Order apply to Defendants and protect Plaintiff.

100.    Defendants failed to provide Plaintiff with a written statement concurrent with payment of wages which lists, *inter alia,* the number of regular, overtime hours worked and the overtime rate of pay, and the basis of Plaintiff's wages, to which Plaintiff was entitled under the NYLL § 195(3) and Wage Order.

101.    Through their knowledge or intentional failure to provide Plaintiff with wage statements, Defendants have willfully violated the NYLL Article 6, § 195 *et seq*.

102.    Due to Defendants' violations of the NYLL § 195(3), Plaintiff is entitled to recover from each Defendant $5,000.00 in damages, as provided for by NYLL Article 6, § 198, reasonable attorneys' fees and costs.

**SEVENTH CLAIM FOR RELIEF**
**NEW YORK STATE LABOR LAW**
**NOTICE AND RECORDKEEPING REQUIREMENT**

103.    Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

104.    The minimum wage provisions of Article 6 of the NYLL and the Wage Order apply to Defendant and protect Plaintiff.

105.    Defendants failed to provide Plaintiff with a written notice at the time that his wages were changed, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §§195(1) and 195(2).

106.    Through their knowledge or intentional failure to provide Plaintiff with notice statements, Defendants have willfully violated NYLL Article 6 §§ 195(1) and 195(2).

107.    Due to Defendants' violations of the NYLL § 195(1) and 195(2), Plaintiff is entitled to recover from each Defendant $5,000.00 in damages, as provided for by NYLL Article 6, § 198, reasonable attorneys' fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff requests that this court grant the following relief:

a) Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under the FLSA, NYLL Article 6, §§ 198 *et seq*., NYLL Article 19, §§ 650 *et seq*., and the Wage Order;

b) An award of unpaid minimum and overtime pay, an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor Regulations;

c) An award of unpaid minimum and overtime pay, and an additional and equal amount as liquidated damages pursuant to the NYLL and the Wage Order;

d) An award of liquidated damages pursuant to NYLL due to Defendants' failure to pay Plaintiff on a weekly basis, in violation of NYLL § 191(1)(a);

e) An award of statutory penalties equal to two hundred and fifty dollars for each workday against Defendants for the failure to provide Plaintiff with accurate wage statements, or a total of five thousand dollars each, as provided by NYLL, Article 6 § 198;

f) An award of statutory penalties equal to fifty dollars for each workday against Defendant Defendants for the failure to provide Plaintiff with a written statement, at time of hire, containing the rates of pay and basis thereof, whether paid by the hour or salary, any claimed allowances, overtime rate of pay, pay day, etc., or a total of five thousand dollars, as provided by NYLL, Article 6 § 198;

g) Prejudgment and post-judgment interest;

h)   An injunction requiring Defendants to pay all statutorily required wages and cease the unlawful activity described herein pursuant to NYLL;

i)   An injunction against Defendant and their respective officers, agents, successors, employees, representatives and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

j)   Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4);

k)   Reasonable attorneys' fees and costs of the action; and,

l)   Such other relief that this Court shall deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a jury on all issues to be tried.

Date:   New York, New York
        October 13, 2022

The Law Offices of
Fausto E. Zapata, Jr., P.C.

By: _____

Fausto E. Zapata, Jr. (FZ 4957)
*Attorneys for Plaintiff Escoto*
277 Broadway, Suite 501
New York, New York 10007
Tel. (212) 766-9870
*Email: fz@fzapatalaw.com*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
PLACIDO ESCOTO,

                        **Plaintiffs,**

                                               Case No.

   -against-


ALLERTON REALTY GROUP LLC, ET AL.,

                        **Defendants.**
------------------------------------------------------------------X

### CONSENT TO SUE UNDER FEDERAL LABOR STANDARDS ACT

     By my signature below, I hereby authorize the filing and prosecution of claims in

my name to contest Allerton Realty Group LLC's failure to pay me minimum and overtime

wages, as required under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.*  I also authorize

the filing of this consent in the lawsuit challenging such conduct, and consent to being named as

a plaintiff in this action.  I have been provided with a copy of the retainer agreement that I signed

by The Law Offices of Fausto E. Zapata, Jr., P.C., and I agree to be bound by its terms.  I hereby

designate The Law Offices of Fausto E. Zapata, Jr., P.C., to represent me in such a lawsuit.

                                    _____
                                    Placido Escoto

                                    _____
                                    Date